# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| MARIO PADILLA,<br>CDCR #C-89816,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>J.D. HARTLEY, Warden; MATTHEW CATE, Secretary California Department of Corrections and Rehabilitation; DOE 1-10,<br><br>　　　　　　　　　　　Defendants. | Civil No.   08-0929 JAH (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 1]; and**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.
### PROCEDURAL HISTORY

On July 2, 2008, Plaintiff, an inmate currently incarcerated at Avenal State Prison located in Avenal, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to

commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on July 10, 2008 [Doc. No. 4]. In addition, Plaintiff has filed a Motion For Temporary Restraining Order [Doc. No. 1]. On November 25, 2008, this matter was reassigned to District Judge John Houston for all further proceedings [Doc. No. 6].

## II.

### MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed "Motion for Temporary Restraining Order and/or Preliminary Injunction" [Doc. No. 6].

Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).

As a preliminary matter, Plaintiff's Motion for Injunction does not comply with Rule 65(b)'s important procedural notice requirement. Here, Plaintiff has not demonstrated that his Complaint, or his Motion have been served on any named Defendant. And while Defendants, as employees of the CDCR, may ultimately be represented by the Attorney General in this matter, there has been no appearance on any Defendant's behalf by the Attorney General at this preliminary stage of the proceedings. Moreover, Plaintiff has not submitted a sworn affidavit or declaration certifying that any efforts have been made to give notice of his Motion or Complaint to any named Defendant, which is required by Federal Rule of Civil Procedure 65(b).

As noted above, under Federal Rule of Civil Procedure 65(b), a temporary restraining order may be granted without notice to the adverse party or that party's attorney *only* if "it clearly appears from specific facts shown by affidavit or by the verified complaint that

immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED.R.CIV.P. 65(b). Federal Rule of Civil Procedure 65(b) also requires the Plaintiff to certify to the Court "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Id.

Plaintiff's Motion does not comply with these elemental procedural requirements of Federal Rule of Civil Procedure 65(b). Thus, for all these reasons, the Court must **DENY** without prejudice Plaintiff's Motion for Temporary Restraining Order [Doc. No. 1] pursuant to FED.R.CIV.P. 65(b).

## III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

As an initial matter, Plaintiff purports to bring this action on behalf of all the inmates currently housed at Avenal State Prison. However, because Plaintiff is proceeding pro se, he has no authority to represent the legal interest of any other party. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party."). Thus, any claims pertaining to any other inmates are not relevant to this action.

Plaintiff's Complaint consists of generalized claims that Avenal State Prison is overcrowded and unsanitary which has led to inmates' exposure to hepatitis and valley fever. In addition, Plaintiff claims that the prison is lacking in adequate access to the law. There are no allegations pertaining to any specific injury to Plaintiff.

///

To the extent that Plaintiff is attempting to state a general Eighth Amendment claim with regard to the conditions of his confinement, he has failed to state a claim upon which § 1983 relief can be granted. The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993). However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials. *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does not mandate comfortable prisons.").

Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement a prisoner must satisfy two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions . . . result[ed] in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 534; *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff does not allege that he has suffered any of the injuries that he describes in his Complaint, such as hepatitis or valley fever, as a result of the conditions of his confinement. Plaintiff must allege how he was denied the 'minimal civilized measure of life's necessities' rather than speaking in general terms that pertain to other inmates who are not part of this action.

1  Further, he must allege that Defendants were deliberately indifferent to any excessive risk to
2  *Plaintiff's* health and safety. Plaintiff's Complaint is completely devoid of any such facts.

3  Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a
4  claim upon which § 1983 relief can be granted.

5  In addition, while not entirely clear, Plaintiff has made claims of inadequate access to the
6  prison's law library. These allegations fall far short of what is required to state an access to
7  courts claim. Prisoners do "have a constitutional right to petition the government for redress of
8  their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van*
9  *Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.
10 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional
11 right of access to the courts requires prison authorities to assist inmates in the preparation and
12 filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate
13 assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).
14 To establish a violation of the right to access to the courts, however, a prisoner must allege facts
15 sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions
16 of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a
17 result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual
18 prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing
19 deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir.
20 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093
21 (9th Cir. 1996).

22 Here, Plaintiff has failed to alleged any facts to show that he has been precluded from
23 pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or
24 sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to
25 access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly
26 or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher*
27 *v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of
28 action, whether anticipated or lost, is an element that must be described in the complaint, just as

1  much as allegations must describe the official acts frustrating the litigation."). Thus, he cannot
2  show an "actual injury." *Lewis*, 518 U.S. at 355.

3       In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that
4  he was "so stymied" by any individual defendant's actions that "he was unable to even file a
5  complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*,
6  518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ...
7  the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show
8  that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's
9  access to courts claims must be dismissed for failing to state a claim upon which section 1983
10 relief can be granted.

11      Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which
12 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d
13 at 1126-27; *Resnick*, 213 F.3d at 446, n.1. However, because Plaintiff could possibly cure the
14 defects of pleading identified in this Order, he is hereby granted an opportunity to amend.
15 *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has
16 determined, "that the pleading could not possibly be cured by the allegation of other facts.").

17                         **IV.**
18                      **CONCLUSION AND ORDER**

19      Good cause appearing, **IT IS HEREBY ORDERED** that:

20      (1)     Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction
21 [Doc. No. 1] is **DENIED** without prejudice for failing to comply with FED.R.CIV.P. 65(b); and

22      (2)     Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
23 upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However,
24 Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which
25 to file a First Amended Complaint which cures all the deficiencies of pleading noted above.
26 Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed
27 to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).
28 / / /

1   Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief
2  may be granted, it may be dismissed without further leave to amend and may hereafter be
3  counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79
4  (9th Cir. 1996).

6  DATED: January 15, 2009

   _____
   **HON. JOHN A. HOUSTON**
   United States District Judge