# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| MARIO PADILLA, CDCR #C-89816,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>J.D. HARTLEY, Warden,<br><br>　　　　　　　　　　Defendant. | Civil No.　08-0929 JAH (BLM)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On July 2, 2008, Plaintiff, an inmate currently incarcerated at Avenal State Prison located in Avenal, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on July 10, 2008 [Doc. No. 4]. In addition, Plaintiff filed a Motion For Temporary Restraining Order [Doc. No. 1]. On November 25, 2008, this matter was reassigned to District Judge John Houston for all further proceedings [Doc. No. 6]. The Court denied Plaintiff's Motion for Temporary Restraining Order on January 15, 2009 and simultaneously dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b). *See* Jan. 15, 2009 Order at 7-8. Nonetheless, the Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* Plaintiff filed his First Amended Complaint ("FAC") on February 25, 2009.

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In his First Amended Complaint, Plaintiff names as the only Defendant, J.D. Hartley, Warden for Avenal State Prison ("Avenal") and claims that Defendant Hartley is responsible for the overcrowding at Avenal. (*See* FAC at 2-3.) He further claims that the overcrowding has caused him to be denied adequate medical and dental care. (*Id.*)

Without more, the Court finds Plaintiff's allegations insufficient to state an Eighth Amendment claim. In order to assert a claim for inadequate medical or dental care, Plaintiff must allege the defendant was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This rule applies to "physical, dental and mental health." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982).

"[S]tate prison authorities have wide discretion regarding the nature and extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). Thus, to state a claim for cruel and unusual punishment, Plaintiff must allege both: (1) an objectively "serious" medical

need, *i.e.*, one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, Plaintiff must allege that Defendants knew of a serious need for medical treatment, yet nevertheless disregarded his need despite the excessive risk posed to Plaintiff's health or safety. *See Farmer*, 511 U.S. at 837. However, Plaintiff does not identify any staff member or correctional officer who knew of, but disregarded his requests for dental and medical treatment. While Plaintiff names the Warden as a Defendant, Plaintiff does not identify what, if any, role Warden Hartley directly played in Plaintiff's medical and dental treatment. The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

While Plaintiff may have alleged facts sufficient to demonstrate a "serious" medical or dental need, he fails to identify any individual person that was aware of his "serious" medical need, let alone "deliberately indifferent" to it. *Estelle*, 429 U.S. at 104-05. For these reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any Eighth Amendment claim upon which § 1983 relief can be granted, and thus, this action must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted

above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

DATED: March 4, 2009

**HON. JOHN A. HOUSTON**
**United States District Judge**